UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:15cv-13130-RGS

| | |
|---|---|
| TOM DELANEY,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF ABINGTON, DAVID MAJENSKI, CHRISTOPHER J. CUTTER, AND KEVIN F. SULLIVAN,<br><br>    Defendants | DEFENDANTS' MOTION FOR<br><u>SUMMARY JUDGMENT</u> |

Now come the defendants, Town of Abington ("Town"), David Majenski ("Chief"), Christopher J. Cutter ("Deputy Chief"), and Kevin F. Sullivan ("Lieutenant") (collectively the "Defendants") and pursuant to Fed. R. Civ. P. 56, hereby seek summary judgment on all counts against them in the above-captioned Complaint.

The Plaintiff, Tom Delaney ("Plaintiff" or "Delaney"), a police officer employed by the Town of Abington Police Department, filed this action on May 1, 2015 claiming that the Defendants retaliated against him for filing a complaint with the Massachusetts Attorney General's Office ("Attorney General Complaint") in which he alleged that the Chief and Deputy Chief violated G.L. c. 268A, §2B when they ordered him and other Officers to issue more fine citations to motorists than written warnings during a two-week community policing traffic enforcement assignment in May 2013.  In this action, Plaintiff alleges that the Town retaliated against him for his filing of the Attorney General Complaint in violation of the Massachusetts whistleblower statute, G.L. c. 149, § 185 ("Whistleblower Act") (Count I).  Plaintiff also alleges that the Chief, Deputy Chief and Lieutenant  retaliated against him for filing his Attorney

General Complaint in violation of the Massachusetts Civil Rights Act, G.L. c. 12, § 11I and 11H (Count II) and in violation of his rights under the First Amendment of the United States Constitution brought pursuant to 42 U.S.C. § 1983 (Count III). In addition, Plaintiff alleges that the Chief and Deputy Chief retaliated against him in violation of the First Amendment of the United States Constitution brought pursuant to 42 U.S.C. § 1983 for speaking and advocating on behalf of the Union (Count IV). Finally, Plaintiff brings a claim for the intentional infliction of emotional distress against the Chief, Deputy Chief and Lieutenant. (Count V).

Based on the undisputed material facts, the Defendants are entitled to summary judgment on all counts brought against them. As grounds therefor, Defendants state that Plaintiff's claims in this action fail because: (1) Plaintiff did not meet the notification requirements of the Massachusetts Whistleblower Act, G.L. c. 149, § 185, (2) Plaintiff did not engage in whistleblower activity as that is defined under the Whistleblower Act, (3) Plaintiff did not suffer from any adverse employment action causally connected to his alleged whistleblower activity, (4) Plaintiff's speech as alleged in his Complaint is not speech protected by the First Amendment of the United States Constitution, (5) Defendants' are entitled to qualified immunity on Plaintiff's claims brought pursuant to 42, U.S.C., § 1983, (6) Plaintiff did not suffer any adverse employment action causally connected to any speech alleged to be protected by the First Amendment of the United States Constitution, (7) Defendants did not interfere with Plaintiff's rights and certainly did not do so by threats, intimidation or coercion, and (8) Defendants' conduct was not extreme and outrageous and was not intended to inflict emotional distress on the Plaintiff. The fact of the matter is that nothing has happened to the Plaintiff. The only arguably adverse employment action Plaintiff has suffered since he engaged in his alleged "whistleblowing" activity, occurred twenty months later when he was given a two-day

suspension. Plaintiff chose not to pursue the administrative remedy available to him under the collective bargaining agreement allowing him to challenge whether there was just cause for issuing the two-day suspension. A tacit admission that just cause existed.

As further grounds therefor, the Defendants rely on the accompanying Memorandum of Law and Local Rule 56.1 Statement of Facts with Exhibits attached thereto.

        DEFENDANTS,

        By their attorneys,

        */s/ Deborah I. Ecker*
        Joseph S. Fair (BBO# 637818)
        Deborah I. Ecker (BBO# 554623)
        Kopelman and Paige, P.C.
        101 Arch Street, 12th Floor
        Boston, MA 02110-1109
        (617) 556-0007
        jfair@k-plaw.com
        decker@k-plaw.com

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.
*/s/ Deborah I. Ecker*

554436/METG/1059