EX. 52

EXHIBIT #11
D.Majenski
3/10/14 Day
PENGAD 800-631-6989

# The Enterprise

By Allan Stein
Enterprise Correspondent

November 20, 2015 12:01AM

Print Page

## Abington police chief offers explaination for warrant contest

ABINGTON -- Abington Police Chief David G. Majenski fired back at criticism Thursday that a contest the chief started in 2009 encourages officers to make false arrests.

Majenski said the contest was an incentive for officers to make arrests on warrants in October.

The chief said the union opposed the idea and that he stopped the contest.

"I am not going to dodge the issue. Was there an incentive system? Absolutely. If I am guilty of anything it is giving officers recognition for the job they were sworn to do," Majenski said Thursday.

The voluntary contest would have given the officer with the most warrant arrests in October a weekend off in November.

"It's not about the time. It's about the recognition for the job they should be doing anyway. For a variety of reasons, officers don't always do it," Majenski said.

PHOTO/ MARC VASCONCELLOS/ THE ENTERPRISE
Abington Police Chief David Majenski.

The department has 400 outstanding warrants, many of which are for drug related offenses.

Majenski said it would be difficult for an officer to make a false charge without being discovered because of the "internal and external safeguards" the legal system has in place.

"It really doesn't make sense. The integrity of the officer would solve that, I would hope," he said.

Making a false crime report is a felony, the chief added.

The flap erupted this week when the internal memo from the chief explaining why the contest was canceled was leaked to area media.

Majenski said he fielded questions from two Boston TV stations, adding that the publicity could tarnish the image of the department.

Several attempts to get comment from police officers union officials were unsuccessful.

Abington Town Manager Richard Lafond said he has looked at the situation and believes the chief has been made the object of a "smear campaign."

"I think that is clearly the attempt. There is no question about that," Lafond said.

Lafond said that while the source of the leak has not been identified, it is most likely that person is someone within the department.

"I don't know who else would have access to internal emails," Lafond said. "Someone is attempting to malign a very good police chief."

Lafond said there is no evidence that the contest encouraged officers to go out and arrest people on false charges.

"The goal of the (chief's) proposal was simply to provide some incentive for efforts to be more aggressive with people who have warrants out for their arrests," Lafond said.

Print Page

3/9/2016 7:05 PM

# The Enterprise

Print Page

By Maria Papadopoulos

May 10. 2015 11:00AM

## Abington police officer sues town over 'ticket quota system'

Acting Abington police officer Tom Delaney claims retaliation, harassment for being a whistleblower about traffic tickets.

ABINGTON -- An Abington police officer is suing the town and police chief claiming that police officials launched a "money ticket quota system" to issue more traffic fines and then retaliated against him when he complained about it.

In a lawsuit filed May 1 in Plymouth Superior Court, acting officer Tom Delaney claims Chief David Majenski and Deputy Chief Chris Cutter ordered Abington officers to issue more traffic tickets instead of giving warnings to motorists.

PHOTO/ ENTERPRISE FILE PHOTOS

Chief David Majenski, left, and Deputy Chief Chris Cutter of the Abington Police Department, are both named in a lawsuit relating to a ticket quota system in the town.

The lawsuit claims police officials and the town retaliated against Delaney, who is also the police union president, after he filed complaints with the Attorney General's office about the tickets.

The lawsuit seeks $1 million in damages for whistle-blower retaliation, civil rights and First Amendment violations, and intentional infliction of emotional distress. The town, Majenski, Cutter and Abington police Lt. Kevin Sullivan are named as defendants in the lawsuit.

Majenski denied the accusations, saying he never implemented a ticket quota system.

"It's just untrue, absolutely. There never has been, there never will be (such a quota system)," Majenski said. "I don't know where he's coming from with that statement."

Traffic enforcement details are based upon a variety of factors, including citizen complaints, accidents, and red light violations, Majenski said. Officers have the authority to issue traffic tickets, particularly to repeat traffic offenders, he said.

"The officers have the discretion to write a citation, not write a citation, (or) give a verbal warning," Majenski said.

Delaney filed a complaint with the Attorney General's office in March 2014 and again in October 2014, the lawsuit states.

The attorney general's office reviewed Delaney's complaint and chose not to conduct a further review, according to a April 2, 2014 letter from Assistant Attorney General Anne Kaczmarek to Delaney.

"The Criminal Bureau will not be conducting a further review of your complaint, as the Attorney General's office need specific evidence of a crime to begin an investigation," Kaczmarek wrote. "The office is unable to answer your questions without specifics."

Attorney John Hightower of Randolph, who is representing Delaney, declined comment, saying he does not discuss pending litigation. Cutter and Sullivan did not return calls for comment.

The lawsuit claims that Majenski implemented a "money ticket quota system" after stories published by The Enterprise in November 2012 reviewed traffic data from eight local police departments.

Abington Police initially wanted to charge the newspaper $15,964 for traffic stop data after a public information request. Majenski eventually released the data at no charge after The Enterprise filed an appeal to the state supervisor of public records.

The 2012 analysis by The Enterprise found that drivers pulled over by Abington police had the best chance of leaving with a warning, rather than a ticket, of any of the eight towns surveyed including Bridgewater, Easton, East Bridgewater, Middleboro, Raynham, West Bridgewater and Whitman.

In his lawsuit, Delaney claims that changed within Abington's department after the newspaper stories ran.

"Chief Majenski and Deputy Chief Cutter developed a plan around March 2013 to start issuing more money tickets than warnings to citizens, and that the majority of tickets issued by officers during their shifts were required to be money tickets and not warnings," the lawsuit states.

The lawsuit includes several emails from Cutter where he asks for officers to generate more tickets, but Cutter says in several of them the motive behind the effort is safety.

Delaney claims that after he complained to officials, Sullivan, his supervisor, cut his overtime and began assigning overtime work to other officers who had issued more money tickets, the lawsuit states.

In a letter to Delaney dated Nov. 18, 2014, Town Manager Rick LaFond wrote that "insufficient evidence exists" to conclude workplace harassment or retaliation against Delaney, who had filed a harassment complaint with the town on Nov. 6, 2014.

Delaney, 27, is an Iraq veteran who worked as a correctional officer at the Plymouth county jail before his Abington police job, the lawsuit states. He was hired by the Abington Police Department on Nov. 15, 2010. In fiscal year 2014, he earned $71,834.

Print Page