EX. 96

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:14cv-13130-RGS

TOM DELANEY

    Plaintiff

v.

TOWN OF ABINGTON, DAVID MAJENSKI,
CHRISTOPHER J. CUTTER, AND KEVIN F.
SULLIVAN,

    Defendants

DEFENDANT TOWN OF ABINGTON'S
ANSWERS TO PLAINTIFF'S FIRST
SET OF ADMISSIONS TO THE TOWN OF
ABINGTON

    Pursuant to Fed. R. Civ. P. 26 and 36, the Defendant Town of Abington ("Defendant")

responds to Plaintiff's Requests for Admissions as follows:

## GENERAL OBJECTIONS

    The Defendant objects to the instructions and definitions of the Plaintiff's Requests for

Admission of Fact to the extent that they alter or amend the applicable rules of civil procedure.

The Defendant responds to each numbered request as follows.

## REQUESTS FOR ADMISSIONS

### ADMISSION NO. 1

    Defendant David Majenski is an employee of the Town.

### ANSWER NO. 1

    Admitted.

### ADMISSION NO. 2

    Defendant Christopher Cutter is an employee of the Town.

## ANSWER NO. 2

Admitted.

## ADMISSION NO. 3

Defendant Sullivan is an employee of the Town.

## ANSWER NO. 3

Admitted.

## ADMISSION NO. 4

Plaintiff, Tom Delaney is an employee of the Town.

## ANSWER NO. 4

Admitted.

## ADMISSION NO. 5

Attached as Ex. 1 to the First Amended Complaint is a true and accurate copy of a December 12, 2011 letter created by Christopher Cutter regarding Tom Delaney.

## ANSWER NO. 5

Admitted.

## ADMISSION NO. 6

Attached as Exhibit 2 to the First Amended Complaint is a true and accurate copy of an article entitled "The price of public information in Abington, Mass." by Chaz Dowaliby.

## ANSWER NO. 6.

Defendant admits that an article dated November 14, 2012 written by Chazy Dowaliby titled "The price of public information in Abington, Mass" was posted on the Patriot Ledger website on or around November 14, 2012.  Defendant does not have sufficient information to admit or deny that the article attached as Exhibit 2 to the First Amended Complaint that appears

2

to have been printed out on March 17, 2014 from a Northeastern University website, is a true and accurate copy of the article.

## ADMISSION NO. 7

Attached as Exhibit 2 to the First Amended Complaint is a true and accurate copy of an article entitled "Abington traffic stop data still under wraps".

## ANSWER NO. 7

Defendant admits that an article dated November 12, 2012 written by Erin Shannon titled "Abington traffic stop data still under wrap" was posted on the Patriot Ledger website on or about November 18, 2012.  Defendant does not have sufficient information to admit or deny that the article attached as Exhibit 2 to the First Amended Complaint that appears to have been printed out on March 27, 2014 and which had been revised on at least one occasion, is a true and accurate copy of the article of the article as it appeared on or around November 18, 2012.

## ADMISSION NO. 8

Attached as Exhibit 2 to the First Amended Complaint is a true and accurate copy of an article entitled "Abington releases traffic stop data for 2010 and 2011."

## ANSWER NO. 8

Defendant admits that an article dated November 26, 2012 was posted on the Patriot Ledger website by an unknown author titled "Abington releases traffic stop data for 2010 and 2011" on or about November 26, 2012.  Defendant does not have sufficient information to admit or deny that the article attached as Exhibit 2 to the First Amended Complaint that appears to have been printed out on March 27, 2014 and which had been revised on at least one occasion, is a true and accurate copy of the article as it appeared on or around November 26, 2012.

## ADMISSION NO. 9

Attached as Exhibit 2 to the First Amended Complaint is a true and accurate copy of an article entitled "OUR OPINION: Abington police communication policies disrespect the public".

## ANSWER NO. 9

Defendant admits that an article dated November 30, 2012 was posted on the Patriot Ledger website by an unknown author titled "OUR OPINION: Abington police communication policies disrespect the public". Defendant does not have sufficient information to admit or deny that the article attached as Exhibit 2 to the First Amended Complaint that appears to have been printed out on March 27, 2014 and which had been revised on at least one occasion, is a true and accurate copy of the article as it appeared on or around November 30, 2012.

## ADMISSION NO. 10

Attached as Exhibit 3 to the First Amended Complaint is a true and accurate copy of an email from Christopher Cutter sent on June 11, 2013 at 6:53:30 pm.

## ANSWER NO. 10

Admitted.

## ADMISSION NO. 11

Attached as Exhibit 3 to the First Amended Complaint is a true and accurate copy of an email from Christopher Cutter sent on June 11, 2013 at 6:53:30 p.m.

## ANSWER NO. 11

Admitted.

## ADMISSION NO. 12

The term "CP" in the email sent on June 11, 2013 at 6:53:30 p.m. refers to "Community Policing".

4

## ANSWER NO. 12

Admitted.

## ADMISSION NO. 13

Attached as Exhibit 3 to the First Amended Complaint is a true and accurate copy of an email from Christopher Cutter sent on November 18, 2014 at 5:28:07 p.m.

## ANSWER NO. 13

Admitted.

## ADMISSION NO. 14

Attached as Exhibit 5 to the First Amended Complaint is a true and accurate copy of a bulletin board created by the Abington Police Department concerning Vernon and Chestnut Streets in Abington, MA.

## ANSWER NO. 14

Denied.

## ADMISSION NO. 15

Attached as Exhibit 6 to the First Amended Complaint is a true and accurate copy of an email sent by Christopher Cutter on May 31, 2013 at 10:57:52 A.M.

## ANSWER NO. 15

Admitted.

## ADMISSION NO. 16

Attached as Exhibit 6 to the First Amended Complaint is a true and accurate copy of an email sent by Christopher Cutter on May 31, 2013 at 10:48:11 A.M.

## ANSWER NO. 16

Admitted.

## ADMISSION NO. 17

Attached as Exhibit 16 to the First Amended Complaint is a true and accurate copy of a document submitted by Tom Delaney on November 6, 2014 to the Town of Abington.

## ANSWER NO. 17

Admitted that the document attached as Exhibit 16 to the First Amended Complaint was part of what was submitted by the Plaintiff to the Town Manager on or about November 6, 2014. The Exhibit does not appear to contain the exhibits referenced in the document.

## ADMISSION NO. 18

Delaney submitted the document at Exhibit 16 to the First Amended Complaint to the Town on November 6, 2014.

## ANSWER NO. 18

Admitted that Delaney submitted the document attached as Exhibit 16 to the First Amended Complaint to the Town Manager on or around November 6, 2014. The Town does not have information sufficient to either admit or deny the exact date on which the document was submitted to the Town Manager.

## ADMISSION NO. 19

Delaney submitted the document at Exhibit 7 to the First Amended Complaint to the Town on October 24, 2014.

## ANSWER NO. 19

Admitted that Delaney submitted the document or document similar to what is attached as Exhibit 7 to the First Amended Complaint to the Town Manager on or around October 24, 2014. The Town does not have information sufficient to either admit or deny the exact date on which the document was submitted to the Town Manager.

6

## ADMISSION NO. 20

Delaney submitted a copy of the document at Exhibit 4 to the First Amended Complaint to police officer Michael Carini on or around May 29, 2013.

## ANSWER NO. 20

Denied.

## ADMISSION NO. 21

Delaney discussed with Michael Carini the case of *Newton Police Associations v. Police Chief of Newton,* 63 Mass.App.Ct. 697 (Mass. App. Ct. 2004) on or around May 29, 2013.

## ANSWER NO. 21

Admitted.

## ADMISSION NO. 22

Part of Exhibit 4 to the First Amended Complaint contains a true and accurate copy of the Abington Police Department rule 7.01, Unlawful Orders.

## ANSWER NO. 22

Admitted.

## ADMISSION NO. 23

Michael Carini was one of Delaney's supervisors by May 2013.

## ANSWER NO. 23

Admitted.

7

Signed under the pains and penalties of perjury this 20th day of October, 2015.

TOWN OF ABINGTON,

By: _____

Richard LaFond
Town Manager, Town of Abington

532323/METG/1059